IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 315-013 |
| | ) | |
| ALLEN R. SLADE | ) | |

**O R D E R**

Before the Court are two pre-trial discovery motions filed by Defendant Allen R. Slade.

### I. Motion to Preserve Evidence

Defendant filed a motion to preserve evidence, including rough notes of agents. (Doc. no. 99.) Defendant does not demand disclosure or production of this evidence, merely preservation. While this material is not generally discoverable, it may later during trial have probative value for purposes of impeachment. The Court **GRANTS** the motion, and the government is instructed to preserve all evidence in this case, including rough notes authored by agents.

### II. Motion for Extension of Time to File Pre-Trial Motions

Defendant requests an extension of time until February 24, 2016, to file pre-trial motions in this case. (Doc. no. 101.) Defense counsel explains that he was appointed to represent Defendant after the expiration of over half of the forty-five day motions filing period originally granted to all Defendants. Given the voluminous discovery provided by the

government in this multi-defendant, drug conspiracy case, counsel needs the full forty-five day period to review the information and determine which pre-trial motions should be filed.

The Court finds, as a matter of fact and law, that the motion is not for the purpose of delay, but in the furtherance of justice, and to protect the defendant's right to a fair trial. The Court also finds that the motion is for the purpose of allowing reasonable time necessary, assuming the exercise of due diligence, for the effective preparation of newly-appointed defense counsel in that counsel needs additional time to review the voluminous discovery information provided by the government to determine which pre-trial motions should be filed. Therefore, pursuant to 18 U.S.C. § 3161(h)(7), and on the basis of the Court's finding that the ends of justice served by granting the motion for an extension outweigh the best interests of the public and the defendant in a speedy trial, the Court **GRANTS** the motion.[1] All pre-trial motions must be filed no later than February 24, 2016. The period of delay resulting from this extension – January 25, 2016, through and including February 24, 2016 – is excluded in computing the time within which the trial of this matter may commence.

Defense counsel is specifically cautioned that because of this extension, "preliminary" motions to suppress, dismiss, or sever will not be looked upon favorably. All motions must comply with Local Criminal Rule 12.1 at the time of filing, including the provisions concerning affidavits, citations to record evidence, and supporting memorandums. Any "preliminary" motions on the docket for Defendant Slade as of February 24, 2016, will be treated as nullities.

---

[1]As the Court grants the amended motion for an extension of time, the original motion for an extension of time is **MOOT**.  (Doc. no. 98.)

The deadline for the government's response to all motions filed by the original deadline of January 25, 2016, shall not be changed by this extension. In accordance with the Court's December 16, 2015 Arraignment Order, the government shall have fourteen days to file a joint response to those motions. (<u>See</u> doc. no. 65.) The government shall have fourteen days after February 24, 2016, to respond to Defendant Slade's motions.

SO ORDERED this 11th day of January, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA